GRANT, J.
The transcript of entries in this case, so far as these are deemed material to the present consideration, shows that the action was begun in the court below by the defendant in error, on June 15, 1915. Being a minor, his suit was begun, and has since been prosecuted, by his father as his next friend, agreeably to the statute permitting an infant’s action to be so brought and litigated.
The claim was for personal injuries sustained by the minor, and a trial of the issue resulted in a judgment in his favor in the sum of one thousand dollars. The sum was paid to the father as next friend, whereupon the latter in due form receipted the docket and entered a full satisfaction and discharge of the judgment, executing such release in the name of the plaintiff infant.
*591 On' May 21, 1917, about two years after the rendition of the judgment and the entry of its payment, satisfaction and discharge, the plaintiff below filed his motion in the municipal court, asking that the entry of satisfaction referred to be vacated, for two reasons. The first was-that the entry of discharge, being made by the next friend of the minor plaintiff, was invalid in law, as being without authority existing in the receipter. The second assigned reason was to the effect that the plaintiff had in fact received no part of the judgment money, while the entry of satisfaction stood in the way of his enforcing it a second time by execution against the original defendant, Mrs. Morse.
This motion was not made by the plaintiff in the action, although it ran in his name. It was made by one Emslie — who was no party to the suit and who had not asked to be made a party,— purporting to be acting as guardian of Frank Homan, the infant plaintiff, but who had not intervened in the action in any way and was not issuably or properly before the court.
Notice of the filing and pendency of the motion was given to the defendant below.
The municipal court entertained this motion, and on November 19, 1917 — two years and five months after the rendition of the judgment — the entry to which this proceeding in error is addressed was made, as follows:
“Said entry of satisfaction is hereby vacated and set aside to the extent of $800 and interest from June 15, 1915 and plaintiff is hereby permitted and alloAved to issue execution on said judgment to the extent only, however, of $800, and interest from June 15, 1915, and no more, the remaining $200 of said judgment of $1000 having by stipulation of the parties herein been rightfully paid to and retained by Messrs. Schwan and Schwan, the original attorneys of record for the plaintiff herein; and upon precipe filed by the plaintiff herein, or his attorneys, execution is ordered to be issued on said judgment to the extent of $800.”
An exception was saved to this deliverance of the court, and also to the denial of a motion for a new trial of whatever was heard in the proceeding thus narrated. What was done in this respect by the municipal court is assigned as error in this pro *592 ceeding by the plaintiff here, and a reversal of it is for that reason asked.
It is an undisputed rule of the common law that courts of record have plenary control of their own judgments, entries and processes, during the term at which they were made. This principle is fully recognized in Ohio: Niles v. Parks, 49 Ohio St. 370 [34 N. E. 735],
It is equally true that at common law this control passes from the court with the term at which the judgment was rendered, the entry made, or the process issued.
It is said in Black, Judgments, Sec. 306:
“It was the rule of the common law, that after the expiration of the term the court loses control of its judgments rendered during that term; they become final, and the court has no longer the power to vacate or modify them, or to set them aside. ’ ’
In Bronson v. Schulten, 104 U. S. 410 [26 L. Ed. 797], the court says:
“It is a general rule of the common law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified or annulled by that court. But it is a rule equally well established, that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify or correct them; and if errors exist, they can only be corrected by such proceeding as a writ of error or appeal as may be allowed by the court which by law can review the decision.”
Most states, including Ohio, have by statute given a remedy against the hardship which must sometimes result from this loss of power to vacate or modify judgments after the term at which they are entered, and this relief must be sought within such limits as the enabling statute may prescribe.. In this state the power is conferred and the procedure regulated by Chap. 6, Tit. 4, Div. 4, beginning with the present Sec. 11631 G. C. That section authorizes a court to “vacate or modify its own judgment or order, after the term at which it was made,” on ten enumerated *593 and specific grounds. The further proceedings may be by motion where the infirmity alleged is a mere irregularity or clerical error not going to the substance of the former rendition. Where the claimed vice in the judgment resides in the merits of the case, the adjudication of vacation or correction must be upon pleadings issuably presenting the question raised.
None of the ten grounds assigned by the statute existed, or was claimed to exist in this ease in invoking an interference with the entry of satisfaction undertaken to be vacated by the action of the municipal court in the proceeding now under review.
The syllabus in Interstate Life Assurance Co. v. Raper, 78 Ohio St. 113 [84 N. E. 754], is authority for holding that “the power of the court of common pleas to vacate its judgment after term upon motion is controlled by Sec. 5354 E. S.” (present Sec. 11631 G. C.) and the ease holds that the burden is on the mover to show that the irregularity occurred before or at the taking of the judgment.
A judgment, as defined by statute in Ohio, “is the final determination of the rights of the parties. A direction of a court or judge, made or entered in writing and not included in a judgment, is an order. ’ ’
If then, what the court below undertook to do in the matter we are now reviewing was to vacate its own judgment or order, it was without power to do it and its action in that behalf was inert and a nullity. And this is so because the judgment or order —if such it was — which the court undertook to disturb, had long before passed from its inherent control and the only method allowed by law for regaining that control was not pursued or pretended to be pursued.
If what the court attempted to vacate was not a judgment or order, but was a part of its process or entries in the case, — in short, if it was any judicial act or evidence of it, — then it still must fall under the condemnation of the common law rule laid down in Black and already referred to, to the effect that the control ends with the term of rendition.
There is a provision of statute, Section 11705 G. C., which specifically authorizes a court to vacate an entry of satisfaction of a judgment rendered in the same court. But its operation is *594 limited to the one contingency of a plaintiff in execution ordering in good faith a levy on property not subject to it, and which has thereupon been sold and applied on the judgment and a recovery has been had by the proper owner from the execution plaintiff and the latter has paid to the former. In such case the court may, upon motion and notice to the judgment defendant, have the satisfaction so made out of the sale of the property set aside, and he shall thereupon be entitled to collect the judgment. But the right conferred by that section does not extend to the case of the execution plaintiff losing or otherwise disposing of the money once collected by him and in consideration of which he entered satisfaction of the judgment — such loss of the money being one of the findings of fact in the case at bar, in support of the judgment vacating the entry and permitting execution to issue for a part of the amount of the judgment.
There is a case, Wilson v. Stilwell, 14 Ohio St. 464, in which was done exactly what was done in this case; that is, on motion an entry of satisfaction of a judgment was vacated and execution was awarded.
Whether this was done at or after term does not specifically appear in the report of the case. The judgment was rendered at the December term, and the motion to vacate was made in the March following. From the nearness of these dates to each other the probability is that the motion was within the term. And this seems to be made certain from the fact that the court deduces its power to act from the following recitation of the law: “Every court has control over its process, and of entries upon its record,” — a control which it does not have after the term at which the thing asked to be vacated became effectual in law as the act of the court, under the common law rule already referred to.
That the remedy was sought by motion and summarily, is an infirmity noticed by the court but which is obviated by the consideration that, as no objection on that ground was made, the point was deemed to have been waived. Moreover, a clear case of fraud was made out in the case, and upon equitable grounds the judgment of vacation proceeded. We can find no such grounds in the presentíase.
*595 Indeed the judgment under review here was made upon no other purported footing than that the money was' paid to the next friend who instituted the suit and recovered the judgment, but who, as the court below holds, was not entitled to receive the proceeds of it or to give acquittance for it.
Of course if the thing vacated was any part of the judicial doings in the case, this conclusion has no force after the term at which it was done — the mode and limitations prescribed by statute in such cases not having been followed by the mover or observed by the court.
If the entry of satisfaction was obtained by fraud or was the result of a mutual mistake, an appropriate remedy could be invoked and advanced; but that is not this case.
It is difficult to see at this point of the proceeding why two hundred dollars’ worth of the satisfaction vacated should be allowed to stand, if the satisfaction as a whole was without warrant of law and a mere nullity, as having been made by one not entitled to make it. If the division into eight parts of unlawful payment and two parts of lawful is put upon the ground that the question was adjudicated in the Schwan case, no reason is perceived why the immunity allowed to the attorney should not extend to the client in the same action.
There is a recitation in the “conclusions of law” in the record to the effect that the abatement of the two hundred dollars was made “by stipulation of the parties herein,” which is not, however, among the conclusions of fact in the record; and the only “parties herein” to do the stipulating, are the plaintiff below, that is, the minor by his next friend, who is found by the court to have been incapable of taking the judgment money and by the same token unable to stipulate it away — and the defendant, who is objecting to this view of the inability of the father to act in receiving and giving acquittance for any of the proceeds of the judgment.
It is urged in the brief of the judgment debtor that the next friend was competent to take the money and give the release, not only to the extent of his attorney’s fees, but for the entire amount. And in the opinion of the Schwan case it was intimated that the law is to the contrary, although the point was not de *596 eided. A further examination of the subject leads us to think that the question is at least doubtful. In some of the cases it was not really raised; they are either cases where there was a regular guardian already appointed and both capable and ready to take the fund, or where the next friend compromised the judgment instead of receiving the avails of it in full; such was the fact in Stilwell v. Wilson, supra,, the judgment plaintiff in that case being only in form entitled to bring the action.
But we do not find it necessary to decide this question.
We find and hold that if the purported vacation of the satisfaction was a reversal or modification of any judgment, order or other process or entry of the court in the cause, it was too late to be effectual, the course prescribed by statute not having been observed or followed;- and that if the purported action of the court was a reformation of a written instrument or release, such effect could not be wrought upon motion only, made after term, not in manner and form provided by law for the purpose, and over the objection of the adverse party. Upon either alternative the court was without power to do what it undertook to do by the order under review.
The judgment is for that reason reversed and judgment for costs is here rendered for the plaintiff in error.
Lawrence and Dunlap, JJ., concur.